In the Matter of Gary
PARCUS, Debtor.

SouthTrust Bank National
Assoc., Plaintiff,

v.

Gary Parcus, Defendant.

Bankruptcy No. 01–81520–JAC–7.
Adversary No. 01–80092–JAC–7.

United States Bankruptcy Court,
N.D. Alabama,
Northern Division.

Nov. 7, 2001.

As Amended Dec. 4, 2001.

Steve Sasser, Decatur, AL, for plaintiff.

Kevin Heard, Huntsville, AL, for defendant.

Judith Thompson, Huntsville, AL, trustee.

## ORDER

JACK CADDELL, Bankruptcy Judge.

This case is before the Court on the complaint filed by SouthTrust Bank, N.A. to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(6) and the bank's objection to the debtor's discharge under 11 U.S.C. § 727(a)(2). On the day of the trial counsel for SouthTrust Bank, N.A., announced that the parties had settled the complaint and that judgment would be entered against the debtor in the amount of $6,000.00 payable at $200.00 per month.

The Court initially rejected the proposed settlement in conformity with the case of *In re Maynard*, 258 B.R. 91 (Bankr.D.Vt. 2001), *rev'd*, 2001 WL 1402580 (D.Vt. 2001),[1] and ruled that the $6,000.00 judgment would be split between the plaintiff and trustee. In *Maynard* the bankruptcy court held that as a matter of public policy it could not approve a proposed settlement of a § 727 complaint as being tantamount

---

1. On appeal, the district court rejected absolute bar to trustee's proposed compromise and settlement and remanded case to bankruptcy court to determine whether trustee's settlement was in the best interest of the estate. The district court noted that concerns are more likely to arise as to whether proposed compromise of complaint objecting to debtor's discharge is tainted where a single creditor files the § 727 complaint.

to the sale of a bankruptcy discharge. As stated by the Court:

> [A] discharge in bankruptcy is not an appropriate element of a *quid pro quo.* Tying withdrawal of objections to discharge to settlement of other actions is contrary to public policy. Under no circumstances, not even where the intent is innocent, may a debtor purchase a repose from objections to discharge. A discharge in bankruptcy depends on the debtor's conduct; it is not an object of bargain.

It appears that counsel in the case before the Court was not aware of the consequences of joining a potentially frivolous cause of action under § 727 to deny the debtor's entire discharge with a complaint to determine dischargeability under § 523 of a single debt. It is therefore ORDERED, ADJUDGED and DECREED that the settlement agreement proposed by the parties is hereby approved with the warning that § 727 should not be used as a negotiation tactic.